FILED
COURT OF APPEALS
DIVISION II

2014 MAR 11 AM 8:37

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| JOHN WORTHINGTON, | No. 43689-2-II |
| Appellant, | |
| v. | |
| WESTNET, | ORDER DENYING MOTION FOR RECONSIDERATION AND GRANTING MOTIONS TO PUBLISH |
| Respondent. | |

This matter having come before this court on the appellant's motion for reconsideration and appellant's and third party Washington Association of Prosecuting Attorneys' motions to publish the unpublished opinion filed January 28, 2014; and the court having considered the motions, the files, and the record herein, it is hereby

**ORDERED**, that the motion for reconsideration is denied; and it is further

**ORDERED**, that the motions to publish are granted.

DATED this 11TH day of MARCH, 2014.

JOHANSON, A.C.J.

We concur:

BJORGEN, J.

MAXA, J.

FILED
COURT OF APPEALS
DIVISION II

2014 JAN 28 AM 9: 54

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | | |
|---|---|---|
| JOHN WORTHINGTON, | | No. 43689-2-II |
| Appellant, | | |
| v. | | |
| WESTNET, | | UNPUBLISHED OPINION |
| Respondent. | | |

JOHANSON, A.C.J. — John Worthington appeals from the superior court's CR 12(b)(6) order dismissing his complaint against WestNET. Worthington claims that WestNET is a public agency or the "functional equivalent" of a public agency and that it is bound by the Public Records Act (PRA), chapter 42.56 RCW. We hold that WestNET is not a separate legal entity subject to suit. Thus, we affirm.

## FACTS

Worthington sued WestNET—the West Sound Narcotics Enforcement Team, a regional task force created to combat drug-related crime in western Washington—complaining of a PRA violation. WestNET moved for dismissal under CR 12(b)(6), asserting that Worthington had failed to state a claim upon which relief could be granted because the complaint (1) failed to identify WestNET in any capacity and (2) under no set of facts could Worthington identify WestNET as a separate legal entity subject to suit. On reconsideration after initially denying

No. 43689-2-II

WestNET's motion, the superior court considered WestNET's "Interlocal Drug Task Force Agreement" (Interlocal Agreement), which outlined the framework by which several public entities had jointly endeavored to enforce controlled substance laws.[1] The superior court found that WestNET was not an entity that exists for PRA purposes and, thus, Worthington had failed to state a claim against an existing legal entity, a flaw fatal to his claim. Accordingly, the superior court dismissed Worthington's suit.

## ANALYSIS

Worthington argues that WestNET is an agency or the "functional equivalent" of an agency, subject to the PRA, and that WestNET's Interlocal Agreement does not shield it from the PRA. Worthington, however, has not demonstrated that WestNET is an independent legal entity with the capacity to be sued, so we hold that WestNET is not an agency or the functional equivalent of one.[2]

We review de novo a superior court's order on a motion to dismiss for failure to state a claim upon which relief can be granted. *Cutler v. Phillips Petroleum Co.*, 124 Wn.2d 749, 755, 881 P.2d 216 (1994), *cert. denied*, 515 U.S. 1169 (1995). A court should dismiss a claim under CR 12(b)(6) if it appears beyond a reasonable doubt that no facts exist that would justify recovery. *Cutler*, 124 Wn.2d at 755.

In 2009, Kitsap, Pierce, and Mason Counties, along with the cities of Bainbridge Island, Bremerton, Port Orchard, Poulsbo, and Shelton, and the Washington State Patrol and Naval

---

[1] Interlocal agreements are governed by chapter 39.34 RCW, the Interlocal Cooperation Act.

[2] The Interlocal Agreement provides that the Kitsap County Prosecutor's Office will represent WestNET's affiliated agencies in real and personal property forfeitures and drug nuisance abatement proceedings initiated by WestNET-affiliated personnel. The Kitsap County Prosecutor's Office is handling this case as well.

2

Criminal Investigative Service entered into an Interlocal Agreement, a "cooperative agreement[ ] for their mutual advantage" in fighting drug-related crime. Clerk's Papers (CP) at 126. The parties signed the Interlocal Agreement pursuant to RCW 39.34.030(2), which provides that "two or more public agencies may enter into agreements with one another for joint or cooperative action." This statute also provides that an interlocal agreement need not establish a separate legal entity to conduct the joint or cooperative undertaking. *See* RCW 39.34.030(4).

Under the Interlocal Agreement, the member jurisdictions established WestNET "to provide for and regulate the joint efforts of the City, County, State and Federal law enforcement," and in forming, "[t]he parties [to the Interlocal Agreement] do not intend to create . . . a separate legal entity subject to suit." CP at 127. The Interlocal Agreement provided that the WestNET advisory policy board would be a representative body with members from the program's various participating jurisdictions. It also provided that each jurisdiction must pay its own costs associated with its officers and equipment involved in WestNET, and each participating member jurisdiction constitutes an independent contractor that lacks authority to bind other parties to the Interlocal Agreement or other parties' employees. Additionally, any personnel assigned to WestNET "shall be considered employees of the contributing agency, which shall be solely and exclusively responsible for that employee."[3] CP at 128. Finally, the Interlocal Agreement provides that WestNET personnel will conform to their individual

---

[3] The Interlocal Agreement cites RCW 10.93.040, which provides that any liability or claim arising through the exercise of an officer acting within her or his duty becomes the commissioning agency's responsibility unless the officer acts under another agency's direction and control or unless the liability is otherwise allocated under a written agreement between the primary commissioning agency and another agency.

agency's rules and regulations, and any disciplinary actions will be the individual agency's responsibility.

Based on these Interlocal Agreement provisions, WestNET is not its own legal entity subject to suit.[4] If Worthington seeks records of WestNET activities, he must file PRA requests with WestNET's affiliate jurisdictions.

Worthington's only argument is that because WestNET has a policy board, WestNET itself is a "board" and thus an agency under the definition set forth in RCW 42.56.010(1)[5] and subject to the PRA. Indeed, WestNET does have a "WestNET Policy Board" that meets regularly to discuss WestNET business. But WestNET's policy board does not necessarily qualify WestNET as a "board" or agency under the PRA because, as it is configured, WestNET does not appear to be an independent legal entity at all.

---

[4] Worthington cites federal cases for the proposition that intergovernmental organizations are subject to judicial review. For example, he quotes dicta from *Hervey v. Estes*, 65 F.3d 784, 792 (9th Cir. 1995), but mischaracterizes the court's opinion by failing to include the full passage:

> We caution that TNET's actions are not beyond judicial review. If, as the record indicates, TNET is designed to function as an informal association of various governmental entities setting joint policies and practices for conducting drug investigations and raids, *its component members may be sued and may be subject to joint and several liability for any constitutional violations*.

(Emphasis added.) *Hervey* suggests that a plaintiff claiming constitutional violations could sue "component members" of the intergovernmental group, not the group as an independent entity. Worthington's other cases similarly involve distinguishable scenarios. *See Lake Country Estates, Inc. v. Tahoe Reg'l Planning Agency*, 440 U.S. 391, 401, 99 S. Ct. 1171, 59 L. Ed. 2d 401 (1979) (involving interstate compact creating "an agency comparable to a county or municipality"); *Peters v. Delaware River Port Auth. of Pa. & N.J.*, 16 F.3d 1346, 1351-52 (3rd Cir.) (involving intergovernmental group that maintained independent power to enter into contracts, set and collect tolls, and hold property), *cert. denied*, 513 U.S. 811 (1994).

[5] "Agency" includes all state and local agencies. "State agency" includes every state office, department, division, bureau, board, commission, or other state agency. "Local agency" includes every county, city, town, municipal corporation, quasi-municipal corporation, or special purpose district, or any office, department, division, bureau, board, commission, or agency thereof, or other local public agency.

No. 43689-2-II

Worthington contends, in the alternative, that we should perform a *Telford* balancing test to determine whether WestNET was the "functional equivalent" of a public agency subject to the PRA. *See Telford v. Thurston County Bd. Of Comm'rs*, 95 Wn. App. 149, 161-66, 974 P.2d 886, *review denied*, 138 Wn.2d 1015 (1999). But his reliance on *Telford* is misplaced because *Telford* and its progeny analyze whether a *private* entity is the "functional equivalent" of a public agency. Here, no one suggests that WestNET is a private entity.

We hold that WestNET is not a separate legal entity subject to suit. Accordingly, the superior court properly dismissed Worthington's complaint for failure to state a claim. Affirmed.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Johanson, A.C.J.

JOHANSON, A.C.J.

We concur:

BJORGEN, J.

MAXA, J.

5